Curia, per

Frost, J.
The questions presented by the grounds of appeal have been decided in Carson vs. Hill & Jones, 1 McM. 76. In that case, a note in blank, except that $5000 was written at the top, was signed by several parties, and delivered to one of them, to be used for his benefit, who delivered it in blank to the plaintiff, as collateral security for advances. The plaintiff, long after the delivery of the blank to him, filled it up in the terms ■of a promissory note for the payment of the sum expressed on the paper. It was held that the defendants, who had signed the note as sureties, were liable as makers. In Russel vs. Langstaffe, Doug. 515, Lord Mansfield held that the indorsement of a blank note is a letter of credit for an indefinite sum. Many cases concur to establish that when the indorser of a note commits it to the maker in blank, either in whole or in part, the note carries on the face of it an implied authority to the maker to fill up the blank. As between the indorser and third persons the maker must, under such circumstances, be deemed to be the agent of *135 the indorser, and as acting under his authority and with his approbation. Collins vs. Emett, 1 Hy. Bl. 313 ; Smaith vs. Mingay, 1 M. & S. 87 ; Cruchley vs. Clarance, 2 M. & S. 90.
The insertion of the name of the first indorser in the blank left for the name of the payee, was not an alteration, but the completion of the note. It gave effect to the note consistently with the liabilities of the parties, expressed by their indorsements. The note might thus be perfected after a transfer. When the blank was filled in pursuance of the authority implied by the delivery of the note to the maker, it had relation back to the indorsement, and took effect as if the note were then perfect; Js»jJa^ases shew that when a signature is written to a ded to have the operation of a negoj becomes such,’ when perfected, from signed, so as to support the allegado: indorsed the note or bill. The mot!
RichaudsoN, O’Neall, Evans law, JJ. concurred. RD-